IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN MORENO**<br>2947 S. 13 Street<br>Philadelphia, PA 19148<br><br>    Plaintiff<br><br>  v.<br><br>**CITY OF PHILADELPHIA d/b/a**<br>**DEPARTMENT OF LICENSES AND**<br>**INSPECTIONS**<br>1514 Cecil B. Moore Avenue<br>Philadelphia, PA 19121<br><br>and<br><br>**THOMAS RYBAKOWSKI, individually and in**<br>**his official capacity as construction compliance**<br>**supervisor**<br>1514 Cecil B. Moore Avenue<br>Philadelphia, PA 19121<br><br>    Defendant. | No. 25-cv-02030-HB<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

### PARTIES

1. Plaintiff, John Moreno, is an adult individual residing at the above-captioned address.

2. Defendant, City of Philadelphia d/b/a/ Department of Licenses and Inspections (L&I), is a city-run and funded department located at the above-captioned address.

3. Defendant, Thomas Rybakowski ("Rybakowski"), who, at all times material hereto, acted in his individual and official capacity as an agent, servant, workman, or employee of, the Department of Licenses and Inspections acting under color of State law.

## JURISDICTION AND VENUE

4. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law and § 1332, diversity.

5. Venue is proper as the facts and transactions involved herein occurred in large part in this judicial district.

## OPERATIVE FACTS

6. On or about April 4, 2019, Plaintiff purchased the real property located at 3121 Wharton Street, Philadelphia, Penns., 19146 ("subject property") for $110,000.

7. On September 7, 2022, L&I inspected or investigated the property, found various conditions that violated the Philadelphia Administrative Code and Philadelphia Property Maintenance Code, and deemed the property Imminently Dangerous. A copy of the Violation is attached hereto as Exhibit A.

8. After several attempts, on December 1, 2022, Plaintiff secured a Make Safe Permit for the subject property. A copy of the permit is attached hereto as Exhibit 'B'.

9. Plaintiff immediately began cleaning debris from the property that would have obstructed the construction required the Make Safe Permit from being performed.

10. Plaintiff purchased several thousand dollars in materials to begin construction.

11. Unbeknownst to Plaintiff, on January 13, 2023, L&I expired Plaintiff's Make Safe Permit and put out a bid for demolition contractors for the subject property.

12. Plaintiff never received any notice of the change in his permit status or of the City's decision to proceed with demolition.

13. Plaintiff never received notice of L&I's decision.

14. On or about January 28, 2023, Plaintiff's contractors were working at the subject property on the items outlined in the Make Safe Permit.

15. That day, the demolition contractor from the City showed up at the subject property and began demolition.

16. Discovery will prove Defendant Rybakowski directed Plaintiff's property to be demolished.

17. Discovery will prove no notice of demolition was posted at the property by the demolition contractor as required by The Philadelphia Code.

18. Plaintiff informed the demolition contractor that he would be seeking an injunction.

19. On January 30, 2023, Plaintiff filed *pro se* a Motion for Stay of Demolition. A copy of his Motion is attached hereto as Exhibit 'C'.

20. Plaintiff also applied for a new Make Safe Permit.

21. On February 1, 2023, a hearing was held before the Honorable Joshua Roberts of the Philadelphia Court of Common Pleas.

22. Plaintiff and Defendant Rybakowski from L&I testified at the hearing.

23. According to Defendant Rybakowski, the permit was expired for failing to schedule an inspection, not due to the condition of the property.

24. Following the hearing, Judge Roberts denied Plaintiff's Motion.

25. The remaining structure on the subject property was demolished.

26. The L&I is bound by the Philadelphia Code which outlines the steps L&I must take when it decides to demolish a citizen's property.

27. The procedures outlined in the Philadelphia Code are required to be implemented by the City by and through its agents at L&I and related City agencies.

28. Despite the Philadelphia Code's requirements, the Defendants and/or through their agents, have repeatedly disregarded the Code.

29. Defendants' decision to demolish a property without adhering to the written policies in the Code was made in accordance with an unofficial "custom" or "policy".

30. Discovery will prove Defendant Rybakowski, and the Mayor, in conjunction with the City Council, knew of and acquiesced to the aforesaid custom or policy.

31. At all times material hereto, the Defendants' failed to serve Plaintiff with notice of the impending demolition.

32. In 2022, the City assessed the value of the subject property for tax purposes to be $66,700. In 2023, it assessed the value to be $107,100.

33. As a direct and proximate result of the Defendants' custom or policy, Plaintiff lost the value of his real property.

**<u>Claims</u>**
**Count I**
**42 U.S.C. § 1983**
***Monell***
***Plaintiff v. City of Philadelphia***

34. The foregoing paragraphs are hereby incorporated as if set forth fully herein.

35. Procedural due process requires that a governmental deprivation of a protected interest be preceded by notice and an opportunity to be heard. *See* U.S. Const. amend XIV, §1.

36. The unofficial custom or policy maintained by The City caused Plaintiff to be denied his procedural due process rights.

37. Plaintiff began making material changes to the subject property before L&I expired the permit without notice.

38. Plaintiff was not given notice of the expired permit, thus denied the opportunity to be heard with respect to the expiry of the permit.

39. Moreover, the Philadelphia Code requires that a demolition notice be posted at the property for 21 days prior to demolition.

40. No such notice was posted at the property, again denying Plaintiff the ability to be heard with respect to the demolition.

41. Despite the lack of notice of demolition in violation of the Philadelphia Code, The City continued to disregard the Code and took the position at the injunction hearing that the property should be demolished.

42. Under the totality of the circumstances, Plaintiff did not receive adequate notice from L&I in the change of demolition status of the subject property.

43. This was due to the policy or custom of The City.

### Count II
### 42 U.S.C. § 1983
### *Monell*
### *Plaintiff v. City of Philadelphia*

44. The foregoing paragraphs are hereby incorporated as if set forth fully herein.

45. The Fourth Amendment protects against unreasonable seizures of private property. U.S. Const. amend IV.

46. The unofficial custom or policy maintained by The City caused Plaintiff to be subjected to an unreasonable seizure in violation of the Fourth Amendment.

47. Under the totality of the circumstances, Plaintiff did not receive adequate notice from L&I in the change of demolition status of the subject property.

48. This was due to the policy or custom of The City.

### Count III

### DEPREVATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### Procedural Due Process Violation
*Plaintiff v. Defendant Rybakowski, individually and in his official capacity*

49. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

50. The Due Process Clause of the United States Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law".

51. Plaintiff began making material changes to the subject property before L&I expired the permit without notice.

52. Plaintiff was not given notice of the expired permit, thus denied the opportunity to be heard with respect to the expiry of the permit.

53. Moreover, the Philadelphia Code requires that a demolition notice be posted at the property for 21 days prior to demolition.

54. No such notice was posted at the property, again denying Plaintiff the ability to be heard with respect to the demolition.

55. Despite the lack of notice of demolition in violation of the Philadelphia Code, Defendant Rybakowski continued to disregard the Code and took the position at the injunction hearing that the property should be demolished.

56. Therefore, Defendant Rybakowski deprived Plaintiff of his legal rights and interests protected by the Fifth and Fourteenth Amendments of the United States Constitution without providing due process of law.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

                          **WEISBERG LAW**

                          */s/ David Berlin*
                         David A. Berlin, Esq.
                         Matthew B. Weisberg, Esq.
                         *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN MORENO | : |
|       Plaintiff | : |
| v. | : No. 25-cv-02030-HB |
| | : |
| CITY OF PHILADELPHIA d/b/a DEPARTMENT OF LICENSES AND INSPECTIONS | : JURY TRIAL DEMANDED |
|       Defendant. | : |

**CERTIFICATE OF SERVICE**

    I, David Berlin Esquire, hereby certify that on June 11, 2025 a true and correct copy of Plaintiff's First Amended Complaint was served via e-filing upon the Defendants.

Sophie West, Esquire
Deputy City Solicitor
Civil Rights Unit
City of Philadelphia Law Department
1515 Arch Street, 14th floor
Philadelphia, PA 19102

                                                    **WEISBERG LAW**

                                                    */s/ David Berlin*
                                                    David A. Berlin, Esq.
                                                    Matthew B. Weisberg, Esq.
                                                    *Attorneys for Plaintiff*