IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MORENO                      :          CIVIL ACTION
                                 :
          v.                     :
                                 :
CITY OF PHILADELPHIA, et al.     :          NO. 25-2030

MEMORANDUM

Bartle, J.                                    September 8, 2025

Plaintiff John Moreno alleges that the City of
Philadelphia and its employee Thomas Rybakowski were responsible
for illegally demolishing a building he owned.  He originally
filed this action under 42 U.S.C. § 1983 against the City only
in the Court of Common Pleas of Philadelphia County on March 25,
2025.  Plaintiff claims violations of his constitutional rights
to procedural due process and to be free from an illegal
seizure.  The City timely removed the action based on the
existence of a federal question.  Plaintiff amended his
complaint as a matter of right on June 11, 2025 to add a claim
alleging that Rybakowski violated plaintiff's right to
procedural due process in both his official and individual
capacities.

Before this court is the motion of both defendants to
dismiss plaintiff's claims against them under Rule 12(b)(6) of
the Federal Rules of Civil Procedure (Doc. # 16).

I

For present purposes, the court must accept as true all well-pleaded facts in plaintiff's amended complaint. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The court may also consider "exhibits attached to the complaint and matters of public record." <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1357 (2d ed. 1990)). When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff. <u>See</u> <u>Schmidt v. Skolas</u>, 770 F.3d 241, 249 (3d Cir. 2014) (quoting <u>In re Burlington Coat Factory Secs. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1993) (quotation marks omitted)).

Plaintiff must allege sufficient factual content to state a claim that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions." <u>Twombly</u>, 550 U.S. 545. It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." <u>Ashcroft</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555) (internal quotations and alterations omitted).

II

According to the amended complaint, plaintiff
purchased a property at 3121 Wharton Street in the City of
Philadelphia on April 4, 2019.  On September 7, 2022, the City's
Department of Licenses & Inspections ("L&I") inspected the
property and found that it was "imminently dangerous" in
violation of the City's Property Maintenance Code.  As a result
of this finding, the City on September 8, 2022, issued a
"Violation Notice and Order to Correct" of which plaintiff had
notice (Doc. # 13-1).  It stated that the property "was in
imminent danger of collapse," had "exterior walls [] not
anchored to supporting and/or supported elements," had "roofing
or roofing components [with] defects that admit rain," and had
components which "have reached their limit state."  Plaintiff
was directed to remedy the violations before September 17, 2022.
The notice warned that if he did not do so the City would "take
action as soon as possible to vacate and demolish the imminently
dangerous structure."  The notice also advised plaintiff of his
right to appeal on or before September 13, 2022.

On December 1, 2022, plaintiff secured from L&I a
"Make Safe" permit for the property, which permitted him to
remediate the dangerous condition.  The permit, which plaintiff
attaches to his complaint (Doc. # 13-1, at 6), states that it

> [S]hall expire if the authorized work of Use
> is not commenced within, or if work is
> suspended or abandoned for period of, six
> (6) months from date of issuance with the
> following exceptions: <u>30-days or 10-days for
> Permits related to Unsafe or Imminently
> Dangerous Properties respectively</u>.

(emphasis added).  Plaintiff avers in his amended complaint that
he "immediately" began cleaning debris from the property and
purchased "several thousand dollars in materials" in order to
begin construction.

　　　　The Make Safe permit further provides a list of
inspections which were "required for the work proposed for this
Permit."  It directed that plaintiff "shall notify all Special
Inspection Agencies retained by [plaintiff] prior to
commencement of any work requiring Special Inspections . . . ."
The permit required nine inspections, including an "Initial Site
Inspection."

　　　　Plaintiff alleges that the Make Safe permit for his
property expired on January 13, 2023 without his knowledge.
According to plaintiff, he did not receive notice of the change
in the permit's status.

　　　　On January 28, 2023, while plaintiff had contractors
working on the property, the City's demolition contractor
arrived at the property to begin demolition.  Plaintiff asserts
that the demolition of his property was directed by defendant

Rybakowski and that there was no notice of demolition posted at the property.

On January 30, 2023, plaintiff filed a pro se "motion for stay of demolition" in the Court of Common Pleas of Philadelphia County.  He sought an injunction to prevent the demolition of the building.  Plaintiff also applied on that same day to L&I for another permit to continue construction on the property.

On February 1, 2023, Judge Joshua H. Roberts of the Court of Common Pleas held an evidentiary hearing on plaintiff's motion.[1]  At the hearing, Thomas Rybakowski, a construction compliance supervisor with L&I, testified on behalf of L&I.

At the conclusion of the hearing, Judge Roberts denied plaintiff's motion.  He ruled from the bench, stating:

> I believe that [Moreno has] been well-intentioned throughout this whole process.  And certainly, you have taken some steps to retain the necessary – whether it's permits or professionals working with you, as [the City's counsel] has noted and as I have recited, based on the timeline, the opportunities to do what you had to do, there have been several of them going back to September.  And where we are today, particularly within the past couple of days, the work should have stopped, it didn't stop.
>
> So, for all of the reasons – and I will issue an order that will go through the

---

1.   A transcript of this hearing is currently before the court (Doc. # 16-1).

> injunction standard in a little bit more
> detail, I'm going to deny the motion for
> preliminary injunction.

The order, signed by Judge Roberts, simply stated that plaintiff

"failed to satisfy standard for the issuance of a preliminary

injunction pursuant to <u>Summit Towne Ctr., Inc. v. Shoe Show of</u>

<u>Rocky Mount, Inc.</u>, 828 A[.]2d 995, 1[0]01 (Pa. 2003)."[2]

Plaintiff took no appeal, although he was advised of his right

to do so.  The property was thereafter demolished.

                              III

        Plaintiff sues defendants under 42 U.S.C. § 1983,

which provides in relevant part that:

> Every person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State . . .  subjects, or
> causes to be subjected, any citizen of the
> United States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities
> secured by the Constitution and laws, shall
> be liable to the party injured in an action
> at law, suit in equity, or other proper
> proceeding for redress . . . ."

        The City first moves to dismiss plaintiff's claim that

the City violated his procedural due process right under the

Fifth and Fourteenth Amendments to the Constitution by failing

---

2.    On February 13, 2023, the City filed preliminary objections
to plaintiff's complaint.  Plaintiff failed to respond to those
objections, and thereafter, Judge Michele D. Hangley of the
Court of Common Pleas of Philadelphia County dismissed his
complaint with prejudice.

to provide him with adequate notice of the Make Safe permit's
expiration and the scheduled demolition of his property.

A municipality such as the City of Philadelphia may
only be accountable when the injury results from actions taken
pursuant to a governmental policy, practice, or custom, or when
it is deliberately indifferent to its stated policy.  Monell,
436 U.S. at 694; Forrest v. Parry, 930 F.3d 93, 106 (3d Cir.
2019).  To allege deliberate indifference, plaintiff must assert
facts that show that (1) municipal policymakers know that
employees will confront a particular situation, (2) the
situation involves a difficult choice or a history of employees
mishandling, and (3) the wrong choice by an employee will
frequently cause deprivation of constitutional rights.  See id.
(citing Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d
Cir. 1999)).  A municipality may not be held vicariously liable
under 42 U.S.C. § 1983, that is it may not be held liable under
the theory of respondeat superior for the unconstitutional
misconduct of its employees.  Monell, 436 U.S. at 691.

A plaintiff pleads the existence of a policy when he
or she plausibly alleges that a decisionmaker with final
authority has issued an official proclamation, policy, or edict.
The City's Property Maintenance Code, approved by City Council,
provides that an imminently dangerous property may be
demolished.  It allows for the issuance of a Make Safe permit

-7-

which will expire if the property owner fails to conform his work to the schedule he or she previously provided to the code official for City approval.

The Code provides that when an imminently dangerous condition is found, the code official shall serve on the owner "a written notice describing the imminent danger and specifying the required repair to render the structure safe." Phila. Code, tit. 4, chap. 4-220.0, § PM-110.2. The official shall also post a copy of the notice "in a conspicuous place on the premises; and such procedure shall be deemed the equivalent of personal notice." Id. at § 110.3.

At this point, the owner can either do nothing and allow the demolition of his or her property or bring the property into compliance. If he or she chooses the latter option, as plaintiff did, "the code official is authorized to require that an analysis and plan of compliance prepared by a structural engineer registered in the Commonwealth of Pennsylvania be submitted for review and approval." Id. at § PM-110.7. The Code further requires that:

> As part of the application process to secure a building permit to abate an imminently dangerous condition, the applicant shall provide a schedule to the code official. The code official shall have the authority to accept or reject the work schedule. The work schedule shall contain:

    1. The date work will commence to abate the
       condition.

    2. The name, address and phone number of the
       contractor who will abate the dangerous
       condition.

    3. Incremental phases which include work to
       be performed and time estimates for
       completion within each phase.

    4. The date all work for bringing the
       property into code compliance is to be
       completed.

Id. at § PM-110.7.1.  If "the work does not conform to the approved work schedule, the permit shall be revoked."  Id. at § PM-110.7.1.1.

The City asserts that the Philadelphia City Code is reasonably calculated to inform owners that their property has been identified as "imminently dangerous" prior to demolition.

The touchstone of procedural due process is notice and the opportunity to be heard.  Mathews v. Eldridge, 424 U.S. 319, 349-50 (1976).  Plaintiff was notified that his property was imminently dangerous on September 8, 2022 pursuant to the Violation Notice the City provided him.  He chose not to appeal this determination and has not challenged the property's designation as imminently dangerous.  Rather, plaintiff complains that he was not provided with notice as to the expiration of his Make Safe permit.  The Code, however, does provide that if a person holding a permit on an imminently dangerous property fails to remain on the schedule set forth by

-9-

the permit holder, his or her permit could expire. Phila. Code
§ PM-110.7.1. The Make Safe permit, in compliance with the
Code, advised him of this possibility. It stated that it would
expire if work did not commence within ten days of its issuance.

Critical to his due process claim, plaintiff
acknowledges that he received actual notice of the property's
demolition and an opportunity to be heard on the issue. On
January 28, 2023, the inspector informed him that his property
would be demolished. Before any demolition, he filed a petition
the Court of Common Pleas to stay the demolition of his
property. He then proceeded to an evidentiary hearing within
the week and was heard as to whether his property should be
demolished. Only after plaintiff's motion for preliminary
injunction was denied was the property demolished. The City
does not have a policy, practice, or custom that denies
plaintiff procedural due process. Although time frames were
necessarily constricted due to the imminent danger of the
property, he had notice and an opportunity to be heard. See,
e.g., Win & Son, Inc. v. City of Philadelphia, 162 F. Supp. 3d
449, 461 (E.D. Pa. 2016).

Plaintiff similarly fails to assert that the City's
conduct in this case evinces a pattern of deliberate
indifference to these policies which protect his constitutional
rights. A plaintiff adequately asserts a failure or inadequacy

-10-

amounting to deliberate indifference when he or she plausibly alleges that a failure to train has caused a pattern of constitutional violations.  Berg v. Cnty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000) (per curiam).  If plaintiff cannot allege a pattern of violations, he or she may assert that a single injury constitutes deliberate indifference where the failure of the municipality to provide specific training results in a "highly predictable" or "patently obvious" constitutional injury.  Kane v. Chester Cnty. Dep't of Children, Youth & Families, 10 F. Supp. 3d 671, 688-89 (E.D. Pa. 2014) (citing Connick v. Thompson, 563 U.S. 51, 64 (2011)).

        Plaintiff fails to identify a pattern of violations. He merely asserts in a conclusory fashion that "Despite the Philadelphia Code's requirements, the Defendants and/or through their agents, have repeatedly disregarded the Code."  This is not a plausible allegation under Iqbal or Twombly.

        Nor does plaintiff assert a "single incident claim." He does not allege facts which show that his purported constitutional injuries were a "predictable" or "obvious" result of any failure on the part of the City to train L&I employees. Zucal v. Cnty. of Lehigh, Civ. A. No. 21-4598, 2023 WL 3997963, at *11 (E.D. Pa. June 14, 2023).[3]

_____

3.   Finally, plaintiff does not state a claim that his constitutional violations are a result of the City's deliberate

Accordingly, plaintiff's claim that the City violated his procedural due process right will be dismissed.

IV

Finally, the City argues that plaintiff fails to state a claim that it violated his Fourth Amendment right to be free from an unreasonable seizure.  Plaintiff is correct that when a municipality demolishes a person's property, a seizure has occurred.  See, e.g., Gariffo Real Estate Holdings Co., Inc. v. City of Philadelphia, Civ. A. No. 05-6153, 2007 WL 1410607, at *4 (E.D. Pa. May 11, 2007).

Plaintiff has not averred that such seizure was unreasonable.  He does not state that his property was incorrectly classified as imminently dangerous.  He concedes that he received notice of this initial determination on September 8, 2022.  He did not take an appeal.  The City has a strong interest in ensuring that structures within it do not threaten human safety.  Id. at *5 (citing Camara v. Mun. Ct. of S.F., 387 U.S. 523, 537 (1967)).

It is undisputed that the property in issue was imminently dangerous and that demolition may be undertaken in

---

indifference on the basis of its failure to train L&I employees. His complaint contains no allegations as to the kind of training the inspectors receive or how such training is inadequate to ensure that citizens receive notice of upcoming demolition of their properties.  Godson v. City of Philadelphia, Civ. A. No. 24-6461, 2025 WL 1970251, at *6-7 (E.D. Pa. July 16, 2025).

order to ensure the safety of those in the City.  It follows
that the seizure was not unreasonable.

Accordingly, plaintiff's claim that the City violated
his Fourth Amendment right will be dismissed.

V

Finally, Thomas Rybakowski, sued in both his official
and individual capacities, moves for dismissal on the ground
that plaintiff fails to state a claim that he violated
plaintiff's right to procedural due process and that even if
plaintiff did, the claim is time-barred.

To state a claim under § 1983 against an individual
defendant, plaintiff must allege that said defendant is
personally involved in plaintiff's constitutional injury.  Rode
v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  The
amended complaint does not allege that Rybakowski had any role
in notifying plaintiff either that his Make Safe permit had
expired or that his property would be demolished.  Rather, his
complaint contains only conclusory allegations as to his
involvement.  Plaintiff merely states that Rybakowski "directed
Plaintiff's property to be demolished" and that he testified at
the hearing before Judge Roberts.  Rybakowski is a construction
compliance supervisor.  There is nothing in the record to
suggest that his job requires him to provide notice to
individuals of the status of their L&I permits.  The hearing, at

-13-

which Rybakowski testified, is similarly devoid of any such allegations or evidence.  Rather, plaintiff refers to a different inspector with whom he spoke on January 28, as well as "his" inspector, whose identity is not currently before the court.  Plaintiff never asserts that Rybakowski was at any point responsible for inspecting plaintiff's property, that he was responsible for failing to post notice of the demolition or that he acted in any way to deny plaintiff notice or any opportunity to be heard.[4]

Accordingly, plaintiff's claim under § 1983 against Rybakowski will be dismissed.[5]

---

4.    The court need not reach Rybakowski's argument that plaintiff's claim is time-barred.

5.    Plaintiff has had two bites at the apple.  No further amendments will be allowed.

-14-